## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                   No. CR 23-0037 JB

CRANDALL MARTIN,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Mr. Martin's Sentencing Memorandum and Objections to the Presentence Report (Doc. 70), filed January 19, 2026 (Doc. 74)("Objection"). The sentencing is scheduled for January 20, 2026. The primary issues are whether there is sufficient evidence to establish that Defendant Crandall Martin uses or possesses a firearm in connection with another offense to support a 4-level enhancement under U.S.S.G § 2K2.1(b)(7)(B), because the United States Probation Office ("USPO") does not specify what felony Martin commits involving the firearm. The Court concludes there is not sufficient evidence to establish that Martin uses or possesses a firearm in connection with another offense to support a 4-level enhancement under U.S.S.G § 2K2.1(b)(7)(B), because the USPO does not specify what felony Martin commits involving the firearm.

## FINDINGS OF FACT

Martin does not object to the Presentence Report, filed December 22, 2025 (Doc. 70)("PSR"), facts except for those in ¶¶ 15, 23, at 6, 7. See Objection at 1-9. Those undisputed facts are the Court's findings of fact. See Fed. R. Crim. P. 32(i)(3)(A) ("[The court] may accept any undisputed portion of the presentence report as a finding of fact."). Regarding PSR ¶ 15, 23, at 6, 7, the Court Sustains Martin's Objection and incorporates his proposed findings of fact,

regarding the burglary and his legal conclusion whether the enhancement applies, as the Court's findings of fact and Guidelines calculus.

When resolving factual Objection, the Court must determine whether the United States meets its burden of proving disputed facts by a preponderance of the evidence.  See United States v. Olsen, 519 F.3d 1096, 1105 (10th Cir. 2008).  In evaluating whether the United States has met its burden, "sentencing courts may consider hearsay evidence provided that the evidence has sufficient indicia of reliability."  United States v. Dazey, 403 F.3d 1147, 1177 n.7 (10th Cir. 2005). See U.S.S.G. § 6A1.3.[1]  "This is not a high standard, for it requires only 'minimal indicia of

---

[1] Although a district court "resolving any dispute concerning a factor important to the sentencing determination . . . may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy," U.S.S.G. § 6A1.3, the Federal Rules of Evidence can be relevant to fact-finding at sentencing.  In United States v. Calvert-Cata, No. CR 16-4566 JB, 2022 WL 14813473, at *12 (D.N.M. October 26, 2022)(Browning, J.), aff'd, No. 23-2000, 2024 WL 33901 (10th Cir. January 3, 2024), the Court holds, in a revocation context, that it may consider and rely upon out-of-court statements if those statements are admissible under the Federal Rules of Evidence and under Crawford v. Washington, 541 U.S. 36 (2004)("Crawford"), without evaluating separately those statements' reliability.  See United States v. Calvert-Cata, 2022 WL 14813473, at *12.  The Court reasons that, "because evidentiary standards for revocation hearings are supposed to be more inclusive and flexible than trials," it "makes no sense to require the United States to" clear hurdles that are not there at trial.  Calvert-Cata, 2022 WL 14813473, at *12.
Here, the Court concludes that the same principles apply and that, in a sentencing context, it may consider and rely upon out-of-court statements that are admissible under the Federal Rules of Evidence without evaluating separately those statements' reliability.  Like revocation hearings, sentencing hearings are supposed to have more inclusive and flexible evidentiary standards than trials.  For example, at sentencing, district courts use a preponderance of the evidence standard to resolve factual disputes and apply sentencing enhancements.  See United States v. Olsen, 519 F.3d 1096, 1105 (10th Cir. 2008); United States v. Magallanez, 408 F.3d 672, 685 (10th Cir. 2005).  Similarly, a district court may "revoke supervised release after concluding that the defendant violated a condition of probation by a preponderance of the evidence."  United States v. Hykes, 653 F. Supp. 3d 913, 926 (D.N.M. 2022)(Browning, J.)(citing 18 U.S.C. § 3583(e)).  A district court also may consider, for both sentencing and revocation, out-of-court statements that are not admissible at trial.  See U.S.S.G. § 6A1.3; Fed. R. Crim. P. 32.1(b)(2)(C).  Moreover, the standard for considering an out-of-court statement at sentencing is higher than the standard for considering an out-of-court statement at revocation.  At sentencing, a district court need only determine that the statement has "sufficient indicia of reliability to support its probable accuracy."  U.S.S.G. § 6A1.3.  See United States v. Dazey, 403 F.3d 1147, 1177 n.7 (10th Cir. 2005).  At revocation, a

reliability.'"  United States v. Ayon, 226 F. App'x 834, 840 (10th Cir. 2007)(unpublished)(quoting United States v. Fennell, 65 F.3d 812, 813 (10th Cir. 1995)).

## **FINDINGS OF FACT**

1.    On August 10, 2022, Shiprock Police Department in Shiprock, New Mexico, dispatches officers in response to reports of an individual walking near a trading post carrying a shotgun on his shoulder.  See PSR ¶ 10, at 5.

2.    Upon arrival, officers observe Martin walking toward the front entrance of a gas station convenience store with a shotgun slung over his shoulder.  See PSR ¶ 10, at 5

3.    As Martin approaches the store's entrance, he removes the shotgun from his shoulder.  See PSR ¶ 10, at 5.

―――――――――――――――――――

district court must weigh the statement's reliability and the defendant's interest in cross-examination against the United States' explanation for not presenting a witness.  See United States v. Jones, 818 F.3d 1091, 1099-1100 (10th Cir. 2016); United States v. Murphy, 769 F. App'x 631, 633-34 (10th Cir. 2019).  Given that it is easier to consider an inadmissible out-of-court statement at sentencing, it makes sense to apply the Court's reasoning in United States v. Calvert-Cata to sentencing; if the Court can consider admissible out-of-court statements at revocation without evaluating separately whether those statements are reliable, then the Court can do the same at sentencing, where the evidentiary hurdle is lower.

United States v. Murphy is an unpublished opinion, but the Court can rely on an unpublished United States Court of Appeals for the Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that United States v. Murphy, and United States v. Ayon, 226 F. App'x 834 (10th Cir. 2007), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

4.      When officers issue verbal commands to drop the weapon, Martin places the shotgun on top of a trash can.  See PSR ¶ 10, at 5

5.      Officers immediately secure the shotgun and take Martin into custody.  See PSR ¶ 10, at 5.

6       Officers also seized a bottle of alcohol from Martin.  See PSR ¶ 10, at 5.

7.      Officers observed that the alcohol bottle bore an evidence sticker.  See PSR ¶ 12, at 5.

8.      Officers then proceeded to the Navajo Police Department evidence building in Shiprock.  See PSR ¶ 11, at 5.

9.      Upon arrival, officers found that the exterior door to the building had been forced open, and the door's striker plate was on the floor.  See PSR ¶ 11, at 5.

10.     Officers observed a shoe impression on the floor leading into the building.  See PSR ¶ 11, at 5.

11.     On a walk through the building, officers find that an interior door leading to the evidence room had been kicked in and bore shoe impressions.  See PSR ¶ 11, at 5.

12.     The evidence technician observes that the evidence room appears ransacked and that several large green trash bins used to store evidence, including firearms.  See PSR ¶ 11, at 5.

13.     Officers located outside the building a plastic bag containing a bottle of hand sanitizer and, in the nearby tree line, a large work light.  See PSR ¶ 11, at 5.

14.     On April 19, 2023, the FBI and the Navajo Nation Department of Criminal Investigations interview Martin.  See PSR ¶ 12, at 5.

15.     During that interview, he acknowledges a criminal history involving alcohol-related conduct and prior convictions.  See PSR ¶ 12, at 5.

16.    Martin states that he consumes alcohol-containing products, including hand sanitizer.  See PSR ¶ 12, at 5.

17.    On May 2, 2023, investigators conducted a second interview with Martin.  See PSR ¶ 13, at 5.

18.    During that interview, Martin states that on August 10, 2022, he is walking with another individual known as "Buzzy Jr." and he behind the Navajo Police Department evidence building to use the bathroom.  See PSR ¶ 13, at 5.

19.    Martin states that the exterior door to the building is already kicked open when he arrives and that he enters the building.  See PSR ¶ 13, at 5.

20.    Martin states he finds and consumes hand sanitizer, a full bottle of Wild Turkey bourbon and some beer while in the building.  See PSR ¶ 13, at 6.

21.    He states that he finds a shotgun while looking for more alcohol.  See PSR ¶ 13, at 5.

22.    Martin states he taking the shotgun thinking he could sell or pawn it for money.  See PSR ¶ 13, at 6.

23.    Martin is a felon.  See PSR ¶ 15, at 6.

24.    Martin is prohibited from possessing firearms or ammunition.  See PSR ¶ 15, at 6.

25.    Martin does not burglarize the Navajo Police Department evidence building.[2]

_____

[2] The USPO alleges that Martin "took the shotgun while burglarizing the Navajo Police Department evidence building."  PSR ¶ 15, at 6.  At issue is whether Martin  is "burglarizing" the Navajo Police Department.  See Objection at 5-6.  Martin argues that "[t]he PSR does not specify precisely what 'other felony' Mr. Martin can be said to have committed, whether it be a local, state or federal crime."  Objection at 6.

New Mexico's burglary statute provides: "Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein."  N.M. Stat. Ann. § 30-16-3.  Martin contends that his conduct does not satisfy these elements, because he enters the Police Department "to use the

26.     The offense conduct occurred within the exterior boundaries of the Navajo Nation. See PSR ¶ 15, at 6.

27.     Martin is enrolled as a member of the Navajo Nation.  See PSR ¶ 15, at 6.

## PROCEDURAL BACKGROUND

On January 9, 2024, a Federal Grand Jury indicts Martin charging him with "Prohibited Person in Possession of a Firearm and Ammunition."  PSR ¶ 1 at 4.  On October 23, 2025, Martin pleads guilty to Count I: Prohibited Person in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), (g)(9) and 18 U.S.C. § 924.  See PSR ¶ 3, at 4.  In the Plea Agreement, filed October 23, 2025 (Doc. 67)("Plea Agreement"), Martin  states he "possessed a twelve-gauge shotgun in Shiprock. New Mexico."  Plea Agreement at 4.  Furthermore, Martin states:

> I intended to take this shot gun and trade it for alcohol or money to buy alcohol. I am not lawfully allowed to possess a firearm or ammunition a fact of which I was aware at the time I possessed the shotgun. I am not allowed to possess a firearm because I am a convicted felon having been convicted of a crime punishable by imprisonment for a term exceeding one year and because I have been convicted of a misdemeanor crime of domestic

bathroom."  Objection at 6.  In the Addendum to the Presentence Report, filed January 20, 2026 (Doc. 75)("PSR Addendum"), the USPO responds that "the defendant unlawfully entered the Navajo Police Department . . . and the defendant did not have permission or authorization to be present within that building . . . . After unlawfully entering that structure, the defendant took possession of the shotgun which resulted in the current offense of conviction."  PSR Addendum at 1.  The USPO does not allege that Martin intends to commit a felony when he enters the Police Department.

After reviewing the PSR and the PSR Addendum, the Court concludes that Martin does not "burglarize" the Police Department.  Burglary is a specific-intent crime.  See State v. Begaye, 2023-NMSC-015, ¶ 6, 533 P.3d 1057, 1061 ("Applying the strict-elements test, the Court of Appeals explained that burglary, Section 30-16-3, requires a specific intent 'to commit any felony or theft therein,' while breaking and entering, Section 30-14-8, requires 'the unauthorized entry to be effectuated by a specified means.'")(quoting N.M. Stat. Ann. § 30-16-3).  Martin correctly notes that the PSR does not allege that he intends to commit a felony when he enters the Police Department, or establish specific intent by a preponderance of the evidence.  Accordingly, the Court finds and concludes that Martin does not burglarize the Police Department, because he lacks the intent to commit a felony at the time he enters the building.

violence. I agree the twelve-gauge shotgun and ammunition I stole (serial no.MY66194X) had moved at some time from one state to another or from a foreign country to the United States.

Plea Agreement at 4-5. This servers as Martin's version of the offense. See PSR 16, at 6.

On January 19, 2026, Martin files the Objection. See Objection at 1. In the Objection, Martin Objects to ¶¶ 15 and 23 of the PSR. See Objection at 5. The Court addresses Martin's Objection to ¶ 15 above, finding Martin does not "burglarize" the Navajo Police Department. The second Objection Martin makes is to PSR ¶ 23, at 7. See Objection at 5. Martin argues that the 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(7)(B) is not applicable, because he has "no intent whatsoever to commit a felony when he entered what appeared to be an abandoned building, probably previously burglarized, in order to use the bathroom." Objection at 6.

On January 20, 2026, the USPO files the Addendum to the Presentence Report (Doc. 75)("PSR Addendum"). The USPO argues that the U.S.S.G. § 2K2.1(b)(7)(B) enhancement is appropriate, because Application Note 13(B) to the enhancement states: "'in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary.'" PSR Addendum at 1 (quoting U.S.S.G. § 2K2.1, Application Note 13(B)). The USPO argues that Martin commits burglary, because he does not have "authorization" to enter the building and "he subsequently armed himself with the shotgun." PSR Addendum at 1.

## ANALYSIS

The Court sustains the Objection. The Court sustains the Objection regarding the 4-level enhancement under § 2K2.1(b)(7)(B), as to Count 1. There is not sufficient evidence to establish that Martin uses or possesses a firearm in connection with another offense to support a 4-level

enhancement under U.S.S.G § 2K2.1(b)(7)(B), because the PSR does not specify what felony Martin commits involving the firearm.

Section 2K2.1 applies enhancements for the: "Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition." U.S.S.G § 2K2.1. The enhancements vary based on specific offense characteristics. See U.S.S.G § 2K2.1(b). In the PSR, the USPO enhances Martin's sentence under § 2K2.1(b)(7)(B), which states: "If the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense . . . increase by 4 levels." U.S.S.G § 2K2.1(b)(7)(B). In general, § 2K2.1(b)(7)(B) applies if the firearm "had the potential of facilitating, another felony offense or another offense." U.S.S.G. § 2K2.1, Application Note 13(A). Moreover, when the other offense is burglary, § 2K2.1(b)(7)(B) applies if "during the course of a burglary, [the defendant] finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." U.S.S.G. § 2K2.1, Application Note 13(B).

The United States Court of Appeals for the Tenth Circuit, in United States v. Morris, 562 F.3d 1131 (10th Cir. 2009)("Morris"), deals with a similar fact pattern and determines the § 2K2.1(b)(7)(B) is appropriate. See Morris, 562 F.3d at 1132. In Morris, the defendant burglarizes an apartment and takes a rifle from the apartment. See Morris, 562 F.3d 1131. The defendant pleas guilty to being a felon in possession of a firearm, and the district court overrules the defendant's objections to the § 2K2.1 enhancement. See Morris, 562 F.3d at 1132-33. On appeal, the defendant argues "for possession of a firearm in connection with 'another felony offense' necessarily connotes a separation of time or a distinction of conduct." See Morris, 562 F.3d at 1133. The Tenth Circuit disagrees, stating that "[n]othing in that guideline suggests that a contemporaneous crime cannot be considered 'another' offense." Morris, 562 F.3d at 1135

(quoting <u>United States v. Armstead</u>, 114 F.3d 504, 513 (5th Cir. 1997)("<u>Armstead</u>")). <u>Armstead</u> deals with a similar fact pattern, but there, the defendant burglarizes a pawn shop. <u>See</u>, 114 F.3d at 506. The Tenth Circuit reasons that Applicate Note 14, now Application Note 13, addresses a conflict among the Courts of Appeals; "'specifically with respect to the use of a firearm "in connection with" burglary and drug offenses.'" <u>Morris</u>, 562 F.3d at 1135 (quoting U.S.S.G. supp. app. C, amend. 691)("The Commission determined that application of these provisions was warranted in these cases because of the potential that the presence of the firearm has for facilitating another felony offense or another offense.'").

To apply the four-level enhancement under USSG § 2K2.1(b)(7)(B), the United States must prove by a preponderance of the evidence that Martin uses or possesses a firearm or ammunition "in connection" with another felony offense. U.S.S.G § 2K2.1(b)(7)(B). The enhancement may also apply where a defendant, during the course of a burglary, finds and takes a firearm, even if the defendant does not engage in any other conduct with the firearm during the burglary. USSG § 2K2.1, Application Note 13. Accordingly, the enhancement's applicability depends on whether the record establishes that Martin possesses the shotgun in connection with another felony.

The Court concludes above that Martin does not use or possess the firearm "in connection" with another felony. Application Note 13, on which the USPO relies, states that burglary can be the other felony that § 2K2.1(b)(7)(B) considers, and case law supports this interpretation. The defendants in both <u>Morris</u> and <u>Armstead</u> plead guilty to burglary or are charged with burglary. Martin does not plead guilty, and he is not charged with burglary or another felony. As a factual matter, the Court finds that Martin does not commit burglary, however. Accordingly, the Application Note 13 is not applicable.

The Court concludes that Martin does not use the firearm in connection with another felony, because the record does not state what other felony Martin commits.  The PSR Addendum states that Martin unlawfully enters the Police Department without authorization.  <u>See</u> PSR Addendum at 1.  The USPO does not address Martin's claim that he enters to use the bathroom and does not intend to commit another felony.  <u>See</u> Objection at 6.  Neither the PSR nor the PSR Addendum, moreover, allege that Martin forcibly enters the Police Department, and the USPO does not address Martin's claim that the door is open when Martin enters.  <u>See</u> Objection at 6 (stating the Police Department was "probably previously burglarized").  Martin does commit larceny, because he drinks evidence from the Police Department and take the shotgun from the building, but the record contains no evidence how the shotgun is used in "connection with" the larceny or any other crime. Accordingly, there is not sufficient evidence to establish that Martin uses or possesses a firearm in connection with another offense to support a 4-level enhancement under U.S.S.G § 2K2.1(b)(7)(B),

**IT IS ORDERED** that: (i) the Defendant Crandall Martins Mr. Martin's Sentencing Memorandum and Objections to the Presentence Report, filed January 19, 2026 (Doc. 74), is sustained; (ii) the 4-level U.S.S.G. § 2K2.1(b)(7)(B) enhancement does not applies; (iii) the applicable offense level is 23; (iv) the applicable criminal history category is VI; (v) the United States Sentencing Guidelines establish an imprisonment range of 130 to 162 with the 4-level U.S.S.G. § 2K2.1(b)(7)(B) enhancement; and (vi) the imprisonment range is 70 to 87 months without the enhancement.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Ryan Ellison
  United States Attorney
Zachary Clark Jones
   Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Devon Fooks
Federal Public Defender
Albuquerque, New Mexico

--

Justine Fox-Young
Justine Fox-Young, P.C.
Albuquerque, New Mexico

--

Marshall J. Ray
Law Offices of Marshal J. Ray
Albuquerque, New Mexico

      *Attorneys for the Defendant*